**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JUL 28 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30187 |
| Plaintiff - Appellant, | D.C. No. 6:12-cr-00018-DLC-1 |
| v. | |
| DAVID GARY BURTON, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief District Judge, Presiding

Argued and Submitted July 11, 2014
Portland, Oregon

Before: PAEZ, WATFORD, and OWENS, Circuit Judges.

The government appeals the district court's pretrial order granting defendant

David Burton's motion to suppress evidence. We affirm.[1]

---

    \* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [1] We have jurisdiction under 18 U.S.C. § 3731 to entertain an interlocutory appeal from a district court order granting a motion to suppress evidence. *See United States v. W.R. Grace*, 526 F.3d 499, 505 (9th Cir. 2008) (en banc).

The Fourth Amendment permits investigatory stops of a vehicle only upon a showing of reasonable suspicion, defined as "specific, articulable facts" that provide "a particularized and objective basis for suspecting the particular person stopped of criminal activity." *United States v. Jimenez-Medina*, 173 F.3d 752, 754 (9th Cir. 1999) (citation and internal quotation marks omitted); *United States v. Thomas*, 211 F.3d 1186, 1189 (9th Cir. 2000). To determine whether an objective basis exists, we consider "the totality of the circumstances." *United States v. Valdes-Vega*, 738 F.3d 1074, 1078-79 (9th Cir. 2013) (en banc).

The evidence the officers relied upon in stopping Burton's vehicle does not, individually or collectively, support a finding of reasonable suspicion.[2] *See United States v. Ramirez*, 473 F.3d 1026, 1033 (9th Cir. 2007) ( reasonable suspicion may also be established through the "collective knowledge" of multiple officers). As the district court found, none of the three investigating officers had any reason to suspect that a white sedan was associated with Burton or any of the crimes they were investigating. Although the officers observed the white sedan arriving at, and leaving, Burton's residence, we have previously held that "unremarkable comings and goings" of a vehicle at a house suspected of

---

[2] "We review reasonable suspicion determinations de novo . . . ." *Valdes-Vega*, 738 F.3d at 1077.

association with a crime is not sufficient to establish reasonable suspicion. *See Thomas*, 211 F.3d at 1191.

Moreover, although the government argues that the coincidental timing of Burton's call to Officer Weiss while the white sedan was parked at the Shannon Court residence creates "[a]n objective and reasonable inference from the scene [] that Burton was driving the white car," we disagree. The government provides no "specific, articulable facts" to link Burton's phone call to his residence or the presence of the white sedan; indeed, the call could have been placed from anywhere. Even viewing these facts in light of the totality of the circumstances, the officers lacked a "particularized and objective basis" for the investigatory stop of the white sedan. *See United States v. Valdes-Vega,* 738 F.3d at 1078. We therefore affirm the district court's conclusion that the stop violated the Fourth Amendment, and the order suppressing evidence seized as a result of the unlawful stop.

The government argues that even if the evidence were obtained illegally, the inevitable discovery doctrine permits the use of this evidence at trial. "The inevitable discovery exception to the exclusionary rule is available when the government demonstrates, by a preponderance of the evidence, that it would inevitably have discovered the incriminating evidence through lawful means."

*United States v. Lopez-Soto*, 205 F.3d 1101, 1106 (9th Cir. 2000). Inevitable discovery "involves no speculative elements" but focuses on "facts capable of ready verification . . . ." *Nix v. Williams*, 467 U.S. 431, 444 n.5 (1984). Here, the government's arguments that it would have discovered the suppressed evidence through continued investigation, personal observation, or questioning of Burton's wife are mere assumptions about what police may or may not have done that do not meet the government's burden by a preponderance of the evidence. *See United States v. Ramirez-Sandoval*, 872 F.2d 1392, 1400 (9th Cir. 1989). Accordingly, we affirm the district court's order granting Burton's motion to suppress evidence.[3]

**AFFIRMED.**

---

[3] The district court's order left open an avenue for the government to demonstrate, in a pretrial motion, that it discovered certain evidence through independent sources, or that circumstances were sufficiently attenuated to allow admission of certain evidence. Our holding does not foreclose the government's opportunity to pursue those pretrial options.

*United States v. Burton*, No. 13-30187

WATFORD, Circuit Judge, dissenting:

I would agree with the majority that the officers lacked reasonable suspicion if we didn't have the phone call. But the phone call makes this an easy case.

Deputy Weiss goes to Burton's house and leaves his card with Burton's wife, asking that she have Burton call him when Burton returned home. At least an hour passes. Then, officers watching Burton's house see a white sedan pull up and park in the driveway. A man gets out and enters through the rear of the house, rather than going to the front door and knocking, as would a visitor. Within minutes, Deputy Weiss receives a call from a man identifying himself as David Burton—the obvious inference being that Burton's wife had just relayed the message from Deputy Weiss to have Burton call when he returned home. Soon thereafter, the same man walks out of the house, gets back into the white sedan, and drives off.

We could debate whether these facts gave the officers probable cause to believe that the man driving the white sedan was David Burton. But they unquestionably establish reasonable suspicion. For that reason, I would reverse.